Toomey Pilgreen, LLC
229 E. William, Suite 201
Wichita, Kansas  67202
(316) 264-3700 telephone
(316) 264-3898 facsimile

Eron Law Firm
229 E. William, Suite 100
Wichita, KS 67202
(316) 262-5500 telephone
(316) 262-5559 facsimile

# UNITED STATES DISTRICT COURT FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| HARLEY V. PHILLIPS, on behalf of himself and all others similarly situated,<br><br>Plaintiff(s),<br><br>v.<br><br>HEALTHCARE REVENUE RECOVERY GROUP, LLC; and JOHN DOES 1-25,<br><br>Defendant(s) | Case No. 6:13-cv-1450<br><br>CIVIL ACTION<br><br>Complaint – Class Action<br>And<br>Demand for Jury Trial<br>And<br>Designation of Place of Trial |

Plaintiff, HARLEY V. PHILLIPS, on behalf of himself and all others similarly situated (hereinafter "Plaintiff") by and through his undersigned attorney, alleges against the above-named Defendants, HEALTHCARE REVENUE RECOVERY GROUP, LLC, (hereinafter "HRRG") and JOHN DOES 1-25, collectively (hereinafter "Defendants") their employees, agents, and successors the following:

## PREMILINARY STATEMENT

1.      Plaintiff brings this action for damages and declaratory and injunctive relief arising from the Defendants' violation of 15 U.S.C. § 1692 *et seq.*, the Fair Debt Collection Practices Act ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

## JURISDICTION AND VENUE

2.      This Court has jurisdiction over this action pursuant to 28 U.S.C § 1331.  This is an action for violations of 15 U.S.C. § 1692 *et seq*.

3.      Venue is proper in this district under 28 U.S.C. § 1391(b)(2) because the acts and transactions that gave rise to this action occurred, in substantial part, in this district.

## DEFINITIONS

4.      As used in reference to the FDCPA, the terms "creditor," "consumer," "debt," and "debt collector" are defined in § 803 of the FDCPA and 15 U.S.C. § 1692a.

## PARTIES

5.      The FDCPA, 15 U.S.C. § 1692 *et seq*., which prohibits certain debt collection practices and provides for the initiation of court proceedings to enjoin violations of the FDCPA and to secure such equitable relief as may be appropriate in each case.

6.      Plaintiff is a natural person and a resident of the State of Kansas, and is a "Consumer" as defined by 15 U.S.C. § 1692a(3).

7.      HRRG is a foreign limited liability company with its office located at 1801 N.W. 66th Avenue, Suite 200C, Plantation, FL 33313 and may be served with process through its registered agent the Corporation Service Company 2900 SW Wanamaker Drive, Suite 204, Topeka, KS 66614.

8.      Upon information and belief, HRRG is primarily in the business of acquiring and/or collecting debts that are allegedly due another.

9.      HRRG has attempted to collect a debt allegedly owed by Plaintiff to Emergency Services of Kan for Physician Services.

10.    HRRG regularly used the United States Postage Services in its attempts to collect debts due to others.

11.    HRRG is a "Debt Collector" as defined by 15 U.S.C. § 1692a(6).

12.    John Does 1-25, are fictitious names of individuals and businesses alleged for the purpose of substituting names of defendants whose identities will be disclosed in discovery and should be made parties to this action.

## CLASS ACTION ALLEGATIONS

13.    Plaintiff brings this action as a state wide class action, pursuant to Rule 23 of the Federal Rules of Civil Procedure (hereinafter "FRCP"), on behalf of himself and all Kansas consumers and their successors in interest (the "Class"), who have received debt collection letters, and/or notices from the Defendants which are in violation of the FDCPA, as described in this Complaint.

14.    This Action is properly maintained as a class action. The Class consists of:

- All Kansas consumers who received collection letters and/or notices from the Defendants that contained at least one of the alleged violations arising from the Defendants' violation of 15 U.S.C. § 1692 *et seq.*

- The Class period begins one year prior to the filing of this action.

15.    The Class satisfies all the requirements of Rule 23 of the FRCP for maintaining a class action:

- Upon information and belief, the Class is so numerous that joinder of all members is impracticable because there are hundreds and/or thousands of persons who have received debt collection letter and/or notices from the

Defendants that violate specific provisions of the FDCPA. Plaintiff is complaining of a standard form letter and/or notice that is sent to hundreds of persons;

- There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation:

    a.   Whether the Defendants violated various provisions of the FDCPA including but not limited to: §§ 1692g *et seq.*;

    b.   Whether Plaintiff and the Class have been injured by the Defendants' conduct;

    c.   Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendants' wrongdoing and if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and

    d.   Whether Plaintiff and the class are entitled to declaratory and/or injunctive relief.

- Plaintiff's claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories.

- Plaintiff has no interest adverse or antagonistic to the interest of the other members of the Class.

- Plaintiff will fairly and adequately protect the interest of the Class and has retained experienced and competent attorneys to represent the Class.

- A Class Action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiff anticipates that no unusual difficulties are likely to be encountered in the management of this Class Action.

- A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without duplication of effort and expense that numerous individual actions would engender. Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein. Absent a Class Action, class members will continue to suffer losses of statutory protected rights as well as monetary damages. If Defendants' conduct is allowed to proceed without remedy they will continue to reap and retain the proceeds of their ill-gotten gains.

- Defendants have acted on grounds generally applicable to the entire Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## STATEMENT OF FACTS

16.     On or before April 1, 2013, Plaintiff's alleged account with Emergency Services of Kan became past due and was in default.

17.     Plaintiff's alleged account with Emergency Services of Kan was used solely for personal use.

18.     On or before April 1, 2013, Emergency Services of Kan placed Plaintiff's alleged account with HRRG for the purpose of collection.

19.     On or before April 1, 2013, HRRG caused to be mailed to Plaintiff a letter attempting to collect the alleged debt. A copy of said letter is annexed hereto as Exhibit A.

20.     Said letter requested payment in full.

21.     Said letter stated in part, "If we can answer any questions, or if you feel you do not owe this amount, **please call** us toll free at 800-984-9115 **or write** us at the above address." [Bold emphasis added.]

22.     Upon receipt Plaintiff read said letter.

23.     Pursuant to the FDCPA, a dispute of a debt must be in writing to cease collection of the debt until the debt is verified by the debt collector.  15 U.S.C. § 1692g(b).

24.     Defendant produced and mailed said letter to Plaintiff after a letter containing the same language was found by the United States Court of Appeals for the Third Circuit to violate the FDCPA in an opinion filed March 1, 2013. Caprio v. Healthcare Revenue Recovery Grp., LLC, 709 F.3d 142 (3d Cir. 2013).


## COUNT I

### FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. § 1692
### VIOLATION OF 15 U.S.C. § 1692g(a)(5)

25.     Plaintiff repeats the allegations contained in paragraphs 1 through 24 as if the same were here set forth at length.

26.     Collection letters and/or notices such as those sent by Defendants are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

27.     Section 1692g of the FDCPA requires the debt collector to give what is commonly referred to as a thirty-day (30) notice within five (5) days of its communication with the consumer.

28.     Section 1692g(a)(3),(4),(5) of the FDCPA requires the debt collector:

> Within five days after the initial communication with a consumer in connection with the collection of any debt…send the consumer a written notice containing --- (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector --- (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and --- (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

29.     HRRG's letter to Plaintiff, dated April 1, 2013 contained the required validation notice on the back of the letter.

30.     The second paragraph of HRRG's letter to Plaintiff, dated April 1, 2013, states in its entirety, "If we can answer any questions, or if you feel you do not owe this account, **please call** us toll free at 800-984-9115 **or write** us at the above address.  This is an attempt to collect a debt.  Any information obtained will be used for that purpose.  (NOTICE: SEE REVERSE SIDE FOR IMPORTANT INFORMATION.)"  [Bold emphasis added.]

31.     The least sophisticated consumer upon reading the letter from HRRG, will be confused as to method required to properly dispute the alleged debt.

32.     Upon reading paragraph two of the notice from HRRG, the least sophisticated consumer would believe that he should choose either of the instructions as set forth in the second paragraph of the notice and either call the toll free number *or* write to HRGG at the address on the letter, to dispute the alleged debt.

33.     Pursuant to the FDCPA, a dispute of a debt must be in writing to cease collection of the debt until the debt is verified by the debt collector.  15 U.S.C. § 1692g(b).

34.     HRRG violated Section 1692g *et seq*. of the FDCPA by providing instructional language which is confusing and makes the least sophisticated consumer uncertain as to what he must do to properly dispute the alleged debt.

35.     By reason thereof, Defendants are liable to Plaintiff for declaratory judgment that Defendants' conduct violated Section 1692g *et seq*., of the FDCPA, statutory damages, costs and attorneys' fees.


## COUNT II

### FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. § 1692
### VIOLATION OF 15 U.S.C. § 1692e(10)

36.     Plaintiff repeats the allegations contained in paragraphs 1 through 35 as if the same were here set forth at length.

37.     Section 1692e(10) of the FDCPA prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt.

38.     Defendants violated Section 1692e(10) of the FDCPA by providing language that misrepresents to the least sophisticated consumer that he can either call the toll free number *or* write to HRRG at the address on the letter, to dispute the alleged debt, when in fact he must dispute the alleged debt in writing for the dispute to be effective.

39.     By reason thereof, Defendants are liable to plaintiff for declaratory judgment that Defendants' conduct violated Section 1692e(10) of the FDCPA, statutory damages, costs and attorneys' fees.

**WHEREFORE,** Plaintiff demands judgment against Defendants as follows:

(a)     Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class Representative and, Larry D. Toomey, Kevin T. Stamper, and Patrick D. Toomey of Toomey Pilgreen, LLC, as Class Counsel with Joseph H. Cassell of Eron Law Firm, as Co-Class Counsel;

(b)     Issuing a preliminary and/or permanent injunction restraining Defendants, their employees, agents and successors from, *inter alia*, engaging in conduct and practices that are in violation of the FDCPA;

(c)     Issuing a declaratory Order requiring Defendants to make corrective disclosures.

(d)     Awarding Plaintiff the Class statutory damages;

(e)     Awarding Plaintiff costs of this action, including reasonable attorneys' fees and costs; and

(f)     Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.

Respectfully submitted,

Filed Electronically

*s/ Larry D. Toomey*
Larry D. Toomey #11959
Toomey Pilgreen, LLC
229 E. William, Suite 201
Wichita, Kansas  67202
(316) 264-3700 telephone
(316) 264-3898 facsimile
larry@toomeypilgreen.com

*s/ Kevin T. Stamper*
Kevin T. Stamper #18824
Toomey Pilgreen, LLC
229 E. William, Suite 201
Wichita, Kansas 67202
(316) 264-3700 telephone
(316) 264-3898 facsimile
kevin@toomeypilgreen.com

*s/ Patrick D. Toomey*
Patrick D. Toomey #25757
Toomey Pilgreen, LLC
229 E. William, Suite 201
Wichita, Kansas 67202
(316) 264-3700 telephone
(316) 264-3898 facsimile
patrick@toomeypilgreen.com

*s/ Joseph H. Cassell*
Joseph H. Cassell #10861
Eron Law Firm
229 E. William, Suite 100
Wichita, KS 67202
(316) 262-5500 telephone
(316) 262-5559 facsimile
jhcassell@eronlaw.net

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

Respectfully submitted,

*s/ Patrick D. Toomey*
Larry D. Toomey #11959
Kevin T. Stamper #18824
Patrick D. Toomey #25757
Joseph H. Cassell #10861

## DESIGNATION OF PLACE OF TRIAL

Plaintiff hereby designates the United States District Court, District of Kansas, sitting in

Wichita, Kansas, as the appropriate location for the trial of the above-captioned matter.

Respectfully submitted,


*s/ Patrick D. Toomey*
Larry D. Toomey #11959
Kevin T. Stamper #18824
Patrick D. Toomey #25757
Joseph H. Cassell #10861

# Exhibit

# A